UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REGINALD K. THOMPSON,<br><br>Defendant. | Case No. 6:22-mj-00022-HBK-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR REMOTE APPEARANCE AND ALTERNATIVE, REQUEST FOR TRAVEL ASSISTANCE<br><br>(Doc. No. 17) |

Defendant was charged by criminal complaint with: simple assault in violation of 18 U.S.C. § 113(a)(5) (Count 1); and being present in the Park under the influence of alcohol to a degree that may endanger oneself or another person in violation of 36 C.F.R. § 2.35(c) (Count 2). (Doc. No.1).  Pending before the Court is Defendant's motion, filed May 8, 2023, requesting a remote appearance for his plea and sentencing hearing currently scheduled for May 17, 2023, at 10:00 a.m. in Yosemite.  (Doc. No. 17).  In the alternative, Defendant requests the Court direct the United States Marshal Office to provide him with travel and subsistence expenses he would incur traveling to the Yosemite Courthouse pursuant to 18 U.SC. § 4285.  (*Id*.).

**Defendant's Request for a Remote Appearance**

Pursuant to Federal Rule of Criminal Procedure 43(b)(2), Defendant requests to appear remotely for his plea and sentencing because he is working in Los Angeles, California.  (*Id*.).  Defendant states that having to appear in-person would require him to lose at least two days of

1  work to travel to and from the courthouse and incur the costs of staying in a hotel.  (*Id.*).

2  A defendant is not required to be present at sentencing when the defendant consents in
3  writing **and the court permits** the defendant to appear by video teleconference.  Fed. R. Crim. P.
4  43(b)(2).  Rule 43 "does not require a court to adopt or use video teleconferencing[,]" but it is
5  within a court's discretion to permit a defendant to appear by video teleconference.  *United States*
6  *v. Hiramanek*, 2017 WL 1349580, at *2 (E.D. Cal. Apr. 6, 2017) (citing Fed. R. Crim. P. 43
7  Advisory Note to 2002 Amendment).  "[L]ike a waiver of appearance, the language used is
8  discretionary: participation by video conference is permitted only with the defendant's written
9  consent *and* the Court's permission." (*Id.*) (emphasis in original) (citing Fed. R. Crim. P.
10  43(b)(2).  "This Court, within its discretion, has a preference to forego the use of video
11  teleconferences for criminal proceedings because criminal proceedings require a certain
12  solemnity, and the physical presence of all parties contribute to the fairness, integrity and public
13  function of the proceeding.  *United States v. Moreno*, 2023 WL 1421466, at *1 (E.D. Cal. Jan. 30,
14  2023) (citing *United States v. Ramos-Gonzales*, 857 F.3d 727, 732 n. 6 (5th Cir. 2017).

15  Defendant previously failed to appear at his March 22, 2023 plea and sentencing hearing
16  which, due to inclement weather, was held by video conference.  (Doc. No. 15).  Defendant
17  claimed he was unable to connect via video.  (*Id.*).  Defendant also failed to appear at his April
18  19, 2023 plea and sentencing hearing.  (Doc. No. 16).  Consequently, on April 19, 2023, the Court
19  ordered Defendant must appear, in-person, at his plea and sentencing hearing scheduled for May
20  17, 2023.  (Doc. No. 16).

21  As stated *supra*, while Rule 43 authorizes the Court to permit a defendant to appear by
22  video teleconferencing for a misdemeanor offense, it does not require the Court to grant a request.
23  *See* Fed. R. Crim. P. 43(b)(2).  Here, Defendant failed to appear at his plea and sentencing
24  hearing on two prior occasions.  Because Defendant failed to appear on two prior occasions the
25  Court ordered him to appear in-person for his May 17, 2023 plea and sentencing hearing and the
26  Court stands by its Order.  "While the Court is sympathetic to Defendant's concerns, the Court
27  finds neither the distance to be so excessive nor the fact that Defendant may have to take time off
28  of work sufficient cause to warrant a remote appearance." *Moreno*, 2023 WL 1421466 at *1.  As

a result, Defendant's request to appear by video teleconference for his plea and sentence is DENIED. Nonetheless, due to a scheduling conflict, and to permit Defendant sufficient time to make arrangements with his work and to provide him additional time for travel, the **Court continues Defendant's plea and sentencing to Wednesday, June 14, 2023 at 1:00 PM.**

**Defendant's Request for Subsistence Expenses Pursuant to 18 U.S.C. § 4285**

Alternatively, Defendant requests the Court to direct the United States Marshal Office to provide Defendant with subsistence expenses he would incur traveling to the Yosemite Courthouse if he is required to personally appear at his plea and sentencing hearing. (Doc. No. 17 at 2). Whether to order payment for transportation for an indigent defendant is with a court's discretion. *U.S. v. Forest*, 597 F.Supp.2d 163, 165 (D. Me. Feb. 12, 2009) (citing 18 U.S.C. § 4285). "The statute places the onus on the defendant to demonstrate that [he] 'is financially unable to provide the necessary transportation.'" *Id*. (quoting 18 U.S.C. § 4285). This burden is a heavy burden. *Id*.; *U.S. v. Mouzon*, 2014 WL 1303708, at *2 (M.D. Pa. Mar. 31, 2014). And requires the court to conduct an "appropriate inquiry" into the defendant's financial condition. 18 U.S.C. § 4285; *Mouzon*, 2014 WL 1303708, at *2. "The fact that a defendant may be indigent for purposes of appointment of counsel…is a different standard." *Forest*, 597 F.Supp.2d at 165. Rather, the court "must find that the defendant is so destitute that [he] is financially unable to provide the necessary transportation to appear before the required court on his own." *Id*. (internal quotations omitted) (citing 42 U.S.C. § 4285).

With regards to the financial hardship, Defendant's initial motion includes only counsel's assertion that Defendant is "financially unable to provide his own transportation to Court on May 17, 2023 to enter his plea." (Doc. No. 17 at 2:18-19). Defendant, however, provides no sworn statement to sustain his burden of demonstrating he is so financially destitute that he is unable to provide the necessary transportation costs to appear at his change of plea and sentencing hearing on May 17, 2023. *Forest*, 597 F.Supp.2d at 166. Nor does Defendant provide any evidence of his financial condition. *See U.S. v. Vaughan III*, 2002 WL 1067456 (D. Kan. May 16, 2002). As noted, *supra*, the burden to satisfy reimbursement of travel costs is higher than the burden to qualify for court appointed counsel. For this Court to comply with its statutory obligation and be

able to conduct an appropriate inquiry into Defendant's financial condition, Defendant must provide the Court with sufficient information sworn to under penalty of perjury. *See United States v. Moreno*, 2023 WL 2435999, at *1 (E.D. Cal. Feb. 2, 2023). Such financial information must be more comprehensive than the information provided on the financial form used for appointment of counsel. At a minimum, Defendant should provide the more detailed type of information contained in the AO 239 (Long Form) Application.

Accordingly, it is **ORDERED**:

1. Defendant's motion for a remote appearance or in the alternative, request for travel assistance (Doc. No. 17) is DENIED.
2. The Court CONTINUES Defendant's in-person plea and sentencing to Wednesday, June 14, 2023 at 1:00 PM.
3. Pursuant to 18 U.S.C. § 3771(c) and Fed. R. Crim. P. 60(a)(1), the Government shall give notice to the victim K.B. that Defendant's plea and sentencing **is continued to June 14, 2023 at 1:00 PM.**

Dated:   May 10, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE